1

2                                          ᴇ-ꜰɪʟᴇᴅ

3

4

5

6

7

8
                    IN THE UNITED STATES DISTRICT COURT
9
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11   MARLON JESSIE BLACHER,              )   No. C 12-4775 RMW (PR)
                                         )
12                  Petitioner,          )   ORDER GRANTING RESPONDENT'S
                                         )   MOTION TO DISMISS IN PART;
13       vs.                             )   FURTHER BRIEFING
                                         )
14   L.S. MCEWEN,                        )
                                         )
15                  Respondent.          )
     _____)
16
          Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus
17
     pursuant to 28 U.S.C. § 2254.  The court ordered respondent to show cause why the petition
18
     should not be granted.  Respondent filed a motion to dismiss the petition as procedurally
19
     defaulted.  Petitioner has filed an opposition.  Respondent has filed a reply, and petitioner has
20
     filed an objection to his reply.  Having considered all the pleadings, and for the reasons stated
21
     below, respondent's motion is GRANTED in part.
22
                                    **BACKGROUND**
23
          On February 6, 2009, petitioner was sentenced to a term of 25 years to life in state prison
24
     after being convicted of murder, two counts of attempted second degree robbery, and second
25
     degree commercial burglary.  On November 12, 2009, petitioner filed an opening brief on direct
26
     appeal, and on January 29, 2010, petitioner filed a petition for writ of habeas corpus in the
27
     California Court of Appeal.  (Resp. Exs. 1, 2.)  On November 30, 2010, the California Court of
28

     Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
     P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

1    Appeal affirmed the judgment and denied petitioner's petition for writ of habeas corpus.  (Resp.

2    Exs. 3, 4.)  On January 5, 2011, petitioner filed a petition for review of the California Court of

3    Appeal's decision on direct appeal as well as on the petition for writ of habeas corpus.  (Resp.

4    Exs. 5, 6.)  On March 16, 2011, the California Supreme Court denied both petitions for review.

5    (Resp. Exs. 7, 8.)

6        In June 2011, petitioner filed a state habeas petition in Superior Court.  (Resp. Ex. 9 at

7    82-99.)  On September 13, 2011, the Superior Court denied the petition in a 5-page order.  (Resp.

8    Ex. 9 at 77-83.)  Petitioner filed the same petition in both the California Court of Appeal and the

9    California Supreme Court.  The petitions were summarily denied on November 30, 2011, and

10   May 16, 2012, respectively.

11       Petitioner filed the instant federal habeas petition on August 29, 2012.  Petitioner raised

12   the following claims in his federal petition: (1) ineffective assistance of appellate counsel; (2)

13   ineffective assistance of trial counsel; (3) prosecutorial misconduct; (4) insufficient evidence to

14   support the convictions; (5) the trial court gave erroneous jury instructions; and (6) petitioner

15   received an unfair trial because the jury observed him in physical restraints.

16       On June 27, 2013, respondent filed the instant motion to dismiss, arguing that the court

17   should dismiss claims 1-4 as procedurally defaulted, except for the portion of those claims that

18   were also timely raised in the direct appeal.

**DISCUSSION**

19

20   I.    Procedural Default

21       "[C]onsistent with the longstanding requirement that habeas petitioners must exhaust

22   available state remedies before seeking relief in federal court, we have held that when a

23   petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the

24   state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate

25   state ground for denying federal review."  Cone v. Bell, 556 U.S. 449, 465 (2009).  A federal

26   court will not review questions of federal law decided by a state court if the decision also rests

27   on a state law ground that is independent of the federal question, and adequate to support the

28

Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

1    judgment.  Coleman v. Thompson, 501 U.S. 722, 729-30 (1991).  However, this does not mean

2    "that federal habeas review is barred every time a state court invokes a procedural rule to limit

3    its review of a state prisoner's claims."  Cone, 556 U.S. at 465.

4         Here, the California Supreme Court's denial of petitioner's latest state habeas petition

5    summarily denied the petition without comment.  The federal habeas court generally "looks

6    through" the unreasoned decision of a state's highest court to the last reasoned state court

7    decision on the merits, if any.  See Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991) (where there

8    is one reasoned state court judgment rejecting a claim, later unexplained orders are presumed to

9    rest on same ground); Cannedy v. Adams, 706 F.3d 1148, 1158-59 (9th Cir. 2013).  Here, the

10   last reasoned state court decision comes from the Superior Court.

11        A.      Independent and adequate state grounds

12        The Superior Court recognized that petitioner had raised one general claim of ineffective

13   assistance of appellate counsel.  However, within that claim, petitioner argued that appellate

14   counsel failed to raise six additional claims.[1]  (Resp. Ex. 9 at 77.)  The Superior Court addressed

15   all the underlying claims in its order denying relief.  First, the Superior Court recognized that the

16   six underlying claims were either already presented in a previous petition, or should have been

17   but were not, and cited to In re Clark, 15 Cal. 4th 750 (1993).  Further, the Superior Court

18   commented that the entire petition was untimely because petitioner had knowledge of the factual

19   bases for all of the claims at the time he was sentenced, and cited to In re Gallegos, 18 Cal. 4th

20   825 (1998).  (Resp. Ex. 9 at 78.)  In addition, the Superior Court recognized petitioner could not

21   challenge the felony murder rule through his petition because the state courts had already

22   addressed that claim on appeal, and cited to In re Waltreus, 62 Cal.2d 218, 225 (1965).  (Resp.

23   Ex. 9 at 79-80.)  The Superior Court continued that In re Dixon, 41 Cal.2d 756, 759 (1953),

24   barred issues that petitioner could have raised on appeal but were not, such as the conduct of the

25

26        [1] These claims are: (1) trial counsel rendered ineffective assistance of counsel; (2) the
     prosecutor committed misconduct; (3) petitioner's conviction relies on an unconstitutionally
27   vague statute; (4) the evidence was insufficient to convict on Counts 3 and 4; (5) the trial court
     abused its discretion; and (6) cumulative error.
28

Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

1    district attorney and cumulative error.  (Resp. Ex. 9 at 80.)  Finally, the Superior Court stated

2    that the ineffective assistance of counsel claims were barred because of the state's rule against

3    piecemeal and successive petitions.  See In re Clark, 15 Cal. 4th at 775.

4          The Superior Court's denial of the petition as untimely, with a citation to Gallegos, signal

5    that the claims were denied based on an independent and adequate state ground.  See Walker v.

6    Martin, 131 S.Ct. 1120, 1131 (2011); Bennett v. Mueller, 322 F.3d 573, 582-83 (9th Cir. 2003).

7    Although petitioner disputes that he was untimely, it is not the province of this court to dispute a

8    state court's ruling on questions on state law.  Thus, the court concludes that all of the claims

9    raised in petitioner's petition to the Superior Court were untimely under state law.

10          B.      Cause and Prejudice

11          In cases in which a state prisoner has defaulted his federal claims in state court pursuant

12   to an independent and adequate state procedural rule, federal habeas review of the claims is

13   barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result

14   of the alleged violation of federal law, or demonstrate that failure to consider the claims will

15   result in a fundamental miscarriage of justice.  Coleman, 501 U.S. at 750.  Inadequate assistance

16   of counsel, or no counsel at all, in an initial review post-conviction proceeding may establish

17   cause for a prisoner's failure to bring a claim of ineffective assistance of counsel.  Martinez v.

18   Ryan, 132 S. Ct. 1309, 1315 (2012).

19          Here, petitioner claims that his appellate counsel filed the first state habeas petition and

20   failed to raise the six claims petitioner raised to the Superior Court.  Even assuming that

21   petitioner has established "cause," see id. at 1318-21, petitioner would only establish cause for

22   the ineffective assistance of counsel claim (Claim 1), but not for prosecutorial misconduct

23   (Claim 2), nor for insufficiency of the evidence (Claim 3) or erroneous jury instructions (Claim

24   4).[2]  See Ha Van Nguyen v. Curry, 736 F.3d 1287, 1296 (9th Cir. 2013) ("The Martinez rule is

25

26          [2]  Respondent notes, and the court agrees, that portions of Claim 3 and Claim 4 were
     properly presented and exhausted when they were raised to the California Supreme Court on
27   direct appeal.  (Resp. Mot. at 6.)  Therefore, to the extent petitioner alleged that the evidence was
     insufficient to convict him of attempted robbery (Claim 3) and the jury instructions were
28

Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

1    limited to an underlying Sixth Amendment ineffective-assistance claim, and to a procedural

2    default by ineffective counsel in an initial-review collateral proceeding.").  Thus, because

3    Martinez only applies to ineffective assistance of counsel claims, Claim 2 is dismissed in its

4    entirety, and the portions of Claims 3 and 4 that were not presented to the California Supreme

5    Court on direct review are dismissed.

6          Respondent first argues that Martinez is inapplicable to petitioner's ineffective assistance

7    of appellate counsel claim because Martinez provided an equitable exception only for claims not

8    considered on the merits by a state court.  (Resp. Supp. at 6.)  Here, argues respondent, because

9    the Superior Court cursorily rejected petitioner's ineffective assistance of appellate counsel

10   claim on the merits as well as because it was procedurally defaulted, Martinez is inapplicable.

11   However, the court rejects this assertion because Martinez does not make this explicit

12   distinction.[3]

13         Alternatively, respondent argues that petitioner has not shown cause and prejudice under

14   Martinez for his ineffective assistance of counsel claim (Claim 1).  As an initial matter, the court

15   makes clear that petitioner's Claim 1 in this federal petition encompasses a claim of ineffective

16   assistance of appellate counsel as well as ineffective assistance of trial counsel.  (Pet. at 5-9.)

17

18

19   erroneous with respect to implied malice and did not fully instruct the jury on second degree
     murder (Claim 4), those claims survive this motion to dismiss.

20        [3] Respondent cites to a portion of this sentence in Martinez to support his position that

21   Martinez does not apply when the state court has considered the underlying state claims on the
     merits: "While counsel's errors in [other post-conviction proceedings] preclude any further

22   review of the prisoner's claim, the claim will have been addressed by one court, whether it be the
     trial court, the appellate court on direct review, or the trial court in an initial-review collateral

23   proceeding."  See Martinez, 132 S. Ct. at 1316.  Martinez was distinguishing the difference
     between errors made by counsel in initial review collateral proceedings and errors made by

24   counsel in all other post-conviction proceedings.  Specifically, respondent asserts that this
     sentence means that Martinez holds that claims that have been considered, even cursorily, by the

25   state court, cannot be saved by the cause and prejudice standard set forth in Martinez.  However,

26   this court finds respondent's interpretation too narrow, and its application to this particular case
     to be improper.  Cf. Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's

27   application of a procedural rule is not undermined where, as here, the state court simultaneously

28   rejects the merits of the claim.").

Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

1  Petitioner raised both ineffective assistance of appellate counsel (Resp. Ex. 9 at 3) and

2  ineffective assistance of trial counsel (Resp. Ex. 9 at 4-10) in his petition for writ of habeas

3  corpus to the California Supreme Court, but did not raise a separate ineffective assistance of trial

4  counsel to the California Superior Court (Resp. Ex. 9 at 84-99).  Thus, respondent's claim that

5  the Superior Court's ruling that petitioner's ineffective assistance of appellate counsel claim is

6  procedurally defaulted does not affect the status of petitioner's ineffective assistance of trial

7  counsel claim, which was raised to the California Supreme Court and denied without comment.

8  At this time, petitioner's ineffective assistance of trial counsel claim appears to be exhausted and

9  will survive this motion to dismiss.

10         In sum, petitioner's ineffective assistance of trial counsel claim (portion of Claim 1), a

11  portion of the insufficiency of the evidence claim (Claim 3), a portion of the jury instruction

12  claim (Claim 4), and the shackling claim (Claim 5) survive this motion to dismiss.  Petitioner's

13  claim of prosecutorial misconduct (Claim 2) and portions of Claims 3 and 4 that were not

14  presented to the California Supreme Court on direct appeal are dismissed based on procedural

15  default.  The only claim left to resolve is whether petitioner's ineffective assistance of appellate

16  counsel claim falls within the cause and prejudice standard of Martinez.

17         In order to establish cause under Martinez for the procedural default of petitioner's

18  ineffective assistance of appellate counsel claim, petitioner must show that: (1) his post-

19  conviction counsel was ineffective pursuant to Strickland v. Washington, 466 U.S. 668 (1984),

20  in failing to raise the underlying ineffective assistance of appellate counsel claim; and (2) the

21  underlying ineffective assistance of appellate counsel claim is substantial.  See Hurles v. Ryan,

22  752 F.3d 768, 781 (9th Cir. 2014); Nguyen, 736 F.3d at 1289.  In other words, in order to

23  demonstrate "cause" under Martinez, petitioner must first show that post-conviction counsel was

24  deficient for failing to raise the ineffective assistance of appellate counsel claim that petitioner

25  raised in his first habeas petition to the Superior Court.  That claim asserted that appellate

26  counsel was ineffective for failing to raise the following claims on direct appeal:

27  (1) prosecutorial misconduct; (2) the felony murder conviction rested on an unconstitutionally

28

Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

1  vague statute; (3) insufficiency of the evidence of Counts 3 and 4; (4) abuse of discretion; (5)

2  ineffective assistance of trial counsel; and (6) cumulative error.[4]

3       The court must determine whether post-conviction counsel was deficient for failing to

4  raise any of these underlying ineffective assistance of appellate counsel claims, and if so,

5  whether petitioner was prejudiced by that deficiency.  In order to do so, the court necessarily

6  must consider the strength of petitioner's argument that appellate counsel was ineffective.  See

7  Clabourne v. Ryan, 745 F.3d 362, 377 (9th Cir. 2014).  If, for example, the claim of ineffective

8  assistance of appellate counsel is untenable, then there could not be a reasonable probability that

9  the result of the post-conviction proceedings would have been different.  Id. at 377-78 ("To

10  demonstrate that there was a reasonable probability that, absent the deficient performance, the

11  result of the post-conviction proceedings would have been different, it will generally be

12  necessary to look through to what happened at the trial [or appeal] stage.").  To that end, the

13  court must consider whether the claim of ineffective assistance of appellate counsel has any

14  merit.

15                 1.     Prosecutorial misconduct

16       First, petitioner argues that appellate counsel should have raised a claim of prosecutorial

17  misconduct.  Petitioner's challenges to the prosecutor's statements, however, are all complaints

18  about what the prosecutor implied in opening and closing arguments, as well as what the

19  prosecutor implied through his questions, and the inferences the prosecutor wanted the jury to

20  make, based on the evidence.  However, none of these challenged statements was improper

21  because they were relevant to the facts and issues in the case.  See Tan v. Runnels, 413 F.3d

22  1101, 1113, 1115 (9th Cir. 2005).  Accordingly, appellate counsel was not deficient for failing to

23  raise this claim on appeal, and petitioner has not shown prejudice.

24                 2.     Unconstitutionally vague statute

25       Second, petitioner argues that appellate counsel should have raised the

26

27       [4] In his petition to the Superior Court, petitioner argues ineffective assistance of trial
counsel first, but for ease of discussion, this court will discuss the ineffective assistance of trial

28  counsel fifth.

Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

1    unconstitutionality of the application of California Penal Code §§ 187 and 189 as they pertained

2    to the felony-murder rule because they lessened the burden of proof and do not require the jury

3    to find an element of malice.  However, this claim has been rejected in both federal and state

4    courts.  "[C]alifornia's felony murder rule is not an evidentiary shortcut to finding malice, but a

5    rule of substantive law establishing a first degree murder penalty for murders which occurred in

6    the course of committing another felony . . . . [petitioner's] intent, which the prosecution must

7    still prove, relates to the other felony rather than the murder."  See McMillan v. Gomez, 19 F.3d

8    465, 470 (9th Cir. 1994); cf. People v. Chun, 45 Cal. 4th 1172, 1184 (2009) (interpreting felony

9    murder rule as a substitute for malice).  Thus, because petitioner's claim of the

10   unconstitutionality of the felony murder rule was without merit, appellate counsel was not

11   deficient for failing to raise it on direct appeal, and petitioner has not shown prejudice.

12                       3.        Insufficiency of the evidence

13          Third, petitioner argues that appellate counsel should have raised the claim that the

14   evidence was insufficient to convict petitioner of Counts 3 and 4 – the attempted second degree

15   robbery of Jesse Edmonds and second degree burglary of Toys "R" Us convictions.  At trial, the

16   evidence showed that petitioner went into the electronics department of Toys "R" Us at 4:21

17   p.m., and spoke with the store cashier Taniesha Turner at 4:23 p.m. (Resp. Ex. 3 at 2.)

18   Petitioner asked to buy a Playstation 3, and Turner took a Playstation 3 out of a locked case and

19   handed it to petitioner who looked to be holding a credit card. (Id.)  Petitioner was walking

20   away with the Playstation 3 when Turner told him that he needed to pay for it in the electronics

21   department. (Id.)  Petitioner ignored Turner and kept walking. (Id.)  When Turner followed

22   him, petitioner began to run. (Id.)  Turner called for help and chased petitioner out of the store.

23   (Id.)  The store surveillance camera showed petitioner running out of the store at 4:25 p.m. (Id.)

24   Jesse Edmonds, Turner's co-worker, joined in the chase and followed Turner into the parking

25   lot. (Id.)  At some point, Turner stumbled, and Edmonds later saw a bystander, Jose Crus,

26   blocking petitioner's path. (Id.)  As petitioner approached Crus, Crus moved out of petitioner's

27   way, but petitioner turned toward Crus and punched him in the face. (Id.)  Crus fell and hit his

28

Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

1    head on the ground.  (Id. at 2-3.)  Eventually Edmonds caught up to petitioner and they

2    struggled.  (Id. at 3.)  Michael Cantu, another co-worker, caught up to Edmonds and petitioner

3    and all three struggled and fell to the ground.  (Id.)

4         In California, the elements of attempted robbery are "that defendant specifically intended

5    to take property from Shield by force or fear, and committed a direct act toward that goal."

6    People v. Watkins, 55 Cal.4th 999, 1019 (2012).  Petitioner argues that there was no force or fear

7    employed before he punched Crus, and the punch he used was not used against Edmonds.  The

8    California Court of Appeal addressed this claim indirectly when resolving petitioner's claim of

9    insufficiency of the evidence to support a felony murder conviction.  (Resp. Ex. 3 at 11-15.)  The

10   California Court of Appeal concluded that an intent to steal through force or fear could be

11   inferred based upon petitioner's actions.  (Id. at 12-13.)  Specifically, an intent to use force

12   against Edmonds could be inferred because petitioner assaulted Crus, who was standing in the

13   way of petitioner's escape, and thus, petitioner was equally prepared to assault Edmonds, who

14   was pursuing him if Edmonds interfered with the asportation of the Playstation 3.  (Id. at 14.)

15   Petitioner "had exhibited an overt intent to use force against anyone, including the employees,

16   who were trying to stop him, which supported a conviction of attempted robbery."  (Id.)

17   Because California law would not support a sufficiency of the evidence claim for attempted

18   robbery (Count 3), appellate counsel was not deficient for failing to raise this claim on direct

19   appeal, and petitioner has not shown prejudice.

20        In California, "[e]very person who enters any house . . . with intent to commit grand or

21   petit larceny or any felony is guilty of burglary."  Cal. Penal Code § 459.  "An attempt to commit

22   a crime requires the specific intent to commit the target crime . . . and a direct but ineffectual act,

23   beyond mere preparation, done towards its commission."  People v. Booker, 51 Cal.4th 141, 175

24   (2011).  Petitioner argued that he could have formed the intent to steal after he entered the store

25   and not before.  "While the existence of the specific intent charged at the time of entering a

26   building is necessary to constitute burglary in order to sustain a conviction, this element is rarely

27   susceptible of direct proof and must usually be inferred from all of the facts and circumstances

28

Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

1   disclosed by the evidence." People v. Holt, 519 Cal.4th 619, 670 (1997).

2   Here, an inference can be made that petitioner entered Toys "R" Us with the intent to

3   steal based on the short amount of time spent between the time petitioner entered the store at

4   4:21 p.m., spoke with Turner to obtain the Playstation 3 at 4:23 p.m., and exited the store at 4:25

5   p.m.  Moreover, Crus' widow Magdalena Segura, testified that she saw petitioner in the

6   electronics department and was suspicious of him because he was looking in all directions.  After

7   petitioner's arrest, petitioner was found to be carrying $18 and no wallet or keys.  A MasterCard

8   was found on the ground near where petitioner struggled with Edmonds and Cantu, and that card

9   belonged to a woman.  Certainly conflicting inferences could be drawn as to when petitioner

10  formed the intent to steal.  Petitioner himself concedes that "the prosecutor never conclusively

11  rebutted the inferences that [his] intent upon entry could have very well been to do normal,

12  legitimate business with Toys "R" Us." (Pet. at 19.)  That a case presents conflicting inferences

13  cannot by itself sustain a claim of insufficiency of the evidence.  California law is clear that "[i]f

14  the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not

15  warranted simply because the circumstances might also reasonably be reconciled with a contrary

16  finding." *People v. Lindberg*, 45 Cal.4th 1, 27 (2008).  Because California law would not

17  support a lack of sufficient evidence claim for attempted burglary (Count 4), appellate counsel

18  was not deficient for failing to raise this claim on direct appeal, and petitioner has not shown

19  prejudice.

20              4.      Abuse of discretion

21  Fourth, petitioner argues that appellate counsel should have raised the claim that the trial

22  court abused its discretion in some of its decisions and ruling.  Specifically, petitioner claims that

23  appellate counsel should have appealed the trial court's decision denying petitioner's Marsden

24  motions, the trial court's decision denying his motion to preclude the prosecutor's reliance on the

25  felony murder - robbery theory, the trial court's decision denying his motion to exclude Crus'

26  widow's testimony as more prejudicial than probative, and the trial court's decision to allow the

27  jury to determine whether the force used against Crus converted the theft to a robbery.

28

Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

10

1

a.    Marsden motions

2    With respect to petitioner's belief that appellate counsel should have raised a claim of the

3 trial court's error in denying two Marsden motions, the record shows that appellate counsel did

4 raise a claim that the trial court failed to appoint a new and independent "conflict" counsel to

5 review and present petitioner's ineffective assistance of trial counsel claims before it denied a

6 motion for a new trial based on ineffective assistance of counsel.  (Resp. Ex. 1 at 75.)  A review

7 of appellant's opening brief to the California Court of Appeal demonstrates that counsel did

8 argue, and the Court of Appeal addressed, petitioner's allegations that trial counsel was

9 ineffective in failing to communicate with him, although it was under the circumstances of

10 arguing that the trial court should have appointed new counsel.  (Id. at 77-78.)  Specifically, on

11 appeal, appellate counsel argued that the trial court erroneously limited petitioner to discussing

12 trial counsel's ineffectiveness as to matters occurring only during trial, and the trial court did not

13 permit him to argue pre-trial matters.

14    That appellate counsel did raise a claim regarding the ineffective assistance of trial

15 counsel demonstrates that he likely considered and rejected raising the claim that the denials of

16 two previous Marsden motions were erroneous.  See Cullen v. Pinholster, 131 S. Ct. 1388, 1407

17 (2011) (reaffirming that a court "must indulge [the] strong presumption that counsel made all

18 significant decisions in the exercise of reasonable professional judgment" and to entertain all the

19 potential reasons that counsel may have had for his decisions); Jones v. Barnes, 463 U.S. 745,

20 751-54 (1983) ("It is not required . . . that appellate counsel raise every colorable or

21 non-frivolous claim; effective appellate advocacy involves weeding out weaker claims in order

22 to focus on stronger ones."); see, e.g., Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)

23 ("Generally, only when ignored issues are clearly stronger than those presented, will the

24 presumption of effective assistance of counsel be overcome").  Moreover, in light of the trial

25 court and appellate court's rejection of petitioner's claims regarding ineffective assistance of

26 trial counsel, it is not likely that even if appellate counsel had raised what petitioner wished to be

27 raised, the result of the appeal would have been different.

28

Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

1                          b.      Felony murder - robbery theory

2          Petitioner also argues that appellate counsel should have raised the claim that the trial

3   court should have granted his motion in limine to preclude the prosecutor from using felony

4   murder - robbery theory because at petitioner's preliminary hearing, the magistrate judge did not

5   find probable cause to support that theory.  However, it appears that the magistrate's conclusion

6   was a legal finding rather than a factual finding.  As such, the prosecution was not foreclosed

7   from proceeding with that theory at trial.  See People v. Superior Court (Henderson), 178 Cal.

8   App. 3d 516, 521 (1986) ("A magistrate's factual finding that there is no evidentiary support for

9   the charge bars the prosecutor from refiling the charge in superior court. . . .  [But a] magistrate's

10  legal conclusion that the evidence is legally insufficient to support a holding order does not

11  preclude the prosecutor from refiling a transactionally related charge."); see also People v.

12  Thomas, 43 Cal.3d 818, 829 (1987) ("it has long been the law in this state that an accusatory

13  pleading charging murder need not specify degree or the manner in which the murder was

14  committed. . . .  [E]ven where the People intend to rely on a felony-murder theory, the

15  underlying felony need not be pleaded in the information.").  Accordingly, appellate counsel was

16  not deficient for raising this claim on appeal, nor has petitioner shown prejudice.

17                         c.      Testimony of Magdalena Segura

18         Petitioner claims that appellate counsel should have raised the claim that the trial court

19  erred in not excluding Magdalena Segura's testimony at trial.  Segura was Crus' widow, and

20  when she testified, she became emotional and cried.  Petitioner asserts that reaction on the stand

21  was prejudicial and unfairly aroused the emotions of the jurors.  However, California case law

22  has stated that witnesses who are close to victims are likely to become upset when having to talk

23  about circumstances surrounding the victims' deaths.  People v. Thomas, 53 Cal.4th 771, 807

24  (2012).  "Nevertheless, absent evidence to the contrary, we may assume that the jurors were able

25  to face [their] duty calmly and undismayed."  Id. (quoting People v. Crittenden, 9 Cal.4th 83,

26  134 (1994).  Here, Segura testified about observing petitioner in the Toys "R" Us electronics

27  department acting suspiciously enough for Segura to fear that petitioner was "going to do

28

Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

1   something bad." Because jurors are assumed to have faced their duty calmly despite Segura's

2   emotional testimony, appellate counsel was not deficient for failing to raise this claim on direct

3   appeal. Even assuming that he was deficient, however, petitioner has not demonstrated that he

4   was prejudiced by this omission. Based on the strength of the evidence presented at trial, there is

5   not a reasonable likelihood that if appellate counsel had presented the issue, the result of the

6   appeal would have been different.

7                           d.        Force against Crus

8          Petitioner's argument that the jury should not have been able to decide whether the force

9   used against Crus converted the crime from a theft to a robbery is unpersuasive. The California

10  Court of Appeal indirectly addressed the gravamen of this claim which is that because petitioner

11  did not directly use force on any store employee prior to the moment he struck Crus, he should

12  not be guilty of attempted robbery. However, the state appellate court rejected this notion in

13  dicta. (Resp. Ex. 3 at 14-15.) Specifically, the jury was permitted to determine whether

14  petitioner formed the specific intent to use force against the employees, and the evidence

15  permitted the inference that petitioner was prepared to use that same force against the chasing

16  employees. (Id.) Thus, appellate counsel was not deficient for failing to raise this claim on

17  appeal, nor has petitioner shown prejudice.

18                          5.        Ineffective assistance of trial counsel

19         Fifth, petitioner argued that appellate counsel should have raised a claim of ineffective

20  assistance of trial counsel. Specifically, petitioner argues that counsel was not communicating

21  with him and failed to answer petitioner's questions; counsel failed to uphold petitioner's speedy

22  trial rights; counsel failed to acquire newspaper articles about the victim's death in order to

23  impeach the victim's widow's knowledge of what had happened; counsel failed to call Michael

24  Stevens, a favorable defense witness; counsel failed to file a Section 995 motion to set aside one

25  of the charges; and counsel failed to investigate information about the owner of the debit card

26  petitioner had at the time of the crimes.

27         Again, that appellate counsel did raise a claim regarding the ineffective assistance of trial

28

Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

1    counsel demonstrates that he likely considered and rejected a standalone claim of ineffective

2    assistance of trial counsel.  See Cullen, 131 S. Ct. at 1407; Jones, 463 U.S. at 751-54.  In his

3    opening brief to the state appellate court, appellate counsel mentioned most of the claims that

4    petitioner raises in his habeas petition to the Superior Court - namely that trial counsel failed to

5    communicate with him (Resp. Ex. 1 at 77-78), disregarded petitioner's right to exercise his

6    speedy trial rights (id. at 78), failed to call favorable defense witnesses (id. at 77-81), failed to

7    file a Section 995 motion (id. at 77), and failed to investigate information about the owner of the

8    debit card (id. at 78-79).  Cognizant of the strong presumption that appellate counsel's conduct

9    fell within the range of reasonable professional decisions, the omission of these particular claims

10   on direct appeal is insufficient to demonstrate that appellate counsel was deficient, especially in

11   light of the fact that appellate counsel was clearly aware of these claims yet chose not to raise

12   them.  See Strickland, 466 U.S. at 689.  There is no indication that the omitted claims were

13   stronger than the six claims that appellate counsel did present.

14         Moreover, with respect to petitioner's claim that trial counsel was ineffective for failing

15   to call Michael Stevens as a defense witness, petitioner fails to demonstrate that he was

16   prejudiced by this failure.  Specifically, petitioner claims that Stevens would have testified about

17   the relationship between petitioner and Lindsay Silva, the owner of the debit card, which was

18   found on petitioner just after the crimes.  (Docket No. 37-2 at 11.)  This witness would have

19   rebutted the prosecutor's implication that petitioner had possession of a stolen debit card, and

20   testified that Stevens owed petitioner money around the time of the crime.  (Id.; Docket No. 23-2

21   at 7.)  At trial, the jury heard evidence that petitioner ran out of the store with the Playstation 3,

22   was chased by store employees, hit Crus when Crus tried to stop petitioner which resulted in

23   Crus' death, and eventually was caught when store employees struggled with and subdued

24   petitioner.  Thus, even if Michael Stevens testified at trial, there is no reasonable probability that

25   the outcome of trial would have been different.

26         Petitioner's only remaining claim is that trial counsel failed to present newspaper articles

27   regarding Crus' death which quoted Crus' family members as stating that they did not know the

28

Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

1    specifics surrounding Crus' death.  Petitioner wanted counsel to produce these articles to

2    impeach Crus' widow, who at trial, testified with "improved recall" more than one year after the

3    incident.  Petitioner asserts that the production of the articles could have had the effect of having

4    the jurors be more wary of Segura's testimony.  Here, Segura identified petitioner in the

5    courtroom as the man who cause Crus' death, and testified that she saw petitioner acting

6    suspiciously in the store prior to the robbery.  (Resp. Ex. 1 at 8, n.7.)  Trial counsel could have

7    made a strategic decision not to impeach Segura, who was rather emotional in front of the jury,

8    on the accuracy of her memory and in fact, according to petitioner, told him that she did not

9    believe that the articles had any probative value.

10         Appellate counsel's decisions not to raise these claims of ineffective assistance of trial

11   counsel on appeal falls within the wide range of reasonable professional decisions, and petitioner

12   has failed to demonstrate prejudice.

13                    6.    Cumulative error

14         Petitioner claims that appellate counsel should have raised the claim of cumulative error

15   on appeal.  However, because this court has determined that none of the claims that appellate

16   counsel raised on direct appeal, and none of the claims that petitioner asserts he should have

17   raised, have any merit, appellate counsel's failure to raise a claim of cumulative error was not

18   ineffective.  Moreover, based on the above discussions, petitioner cannot demonstrate prejudice

19   from this omission.

20         Accordingly, petitioner has not demonstrated that post-conviction counsel was ineffective

21   pursuant to Strickland for failing to raise a claim of ineffective assistance of appellate counsel.

22   As such, petitioner's ineffective assistance of appellate counsel claim is procedurally defaulted.

23   II.    Pending motions

24         Petitioner filed a motion for relief "based on the state court's acquiescence on facts

25   presented in claim."  (Docket No. 44.)  In essence, petitioner argues that because the Superior

26   Court did not address plaintiff's entire claim regarding the unconstitutionality of California Penal

27   Code §§ 187 and 189, the court's silence equals acquiescence.  This court construes petitioner's

28

Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

1   motion as a motion to supplement petitioner's federal petition.  So construed, the motion is

2   DENIED.  Petitioner did not raise this claim as a standalone claim in his federal petition.

3   Petitioner has only raised this claim as a subset of petitioner's claim that appellate counsel was

4   ineffective for failing to raise several claims on appeal, which is procedurally barred from

5   federal habeas corpus review.

6       Petitioner has also filed a motion for leave to amend the prayer for relief.  (Docket No.

7   47.)  Specifically, petitioner states that he is not opposed to a reduction of his convictions to

8   lesser included offenses, and petitioner is also open to a new plea agreement.  However, the

9   power of a federal habeas court "lies to enforce the right of personal liberty."  Fay v. Noia, 372

10  U.S. 391, 430 (1963), overruled on other grounds by Wainwright v. Sykes, 433 U.S. 72, 87

11  (1977).  As such, "it has no other power; it cannot revise the state court judgment; it can act only

12  on the body of the petitioner."  Fay, 372 U.S. at 431.  Accordingly, petitioner's motion is

13  DENIED.

**CONCLUSION**

14

15  1.   Respondent's motion to dismiss the petition (docket no. 23) is GRANTED in part.

16  Petitioner's claim of ineffective assistance of appellate counsel (portion of Claim 1),

17  prosecutorial misconduct (Claim 2) and portions of Claims 3 and 4 that were not presented to the

18  California Supreme Court on direct appeal are DISMISSED based on procedural default.

19      Petitioner's ineffective assistance of trial counsel claim (the remaining portion of Claim

20  1); a portion of the insufficiency of the evidence claim, i.e., that the evidence was insufficient to

21  convict petitioner of first degree murder on a felony murder theory and the evidence was

22  insufficient to convict petitioner of attempted robbery of Turner (Claim 3); the jury instruction

23  claim, i.e., the trial court gave incomplete jury instructions on second degree implied malice

24  murder (Claim 4); and the shackling claim (Claim 5) survive this motion to dismiss.

25  2.   Petitioner's motion for relief is DENIED.  (Docket No. 44.)  Petitioner's motion

26  for leave to amend the prayer for relief is DENIED.  (Docket No. 47.)

27  3.   Respondent shall file with the court and serve on petitioner, within **sixty days** of

28

Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

16

1 the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing

2 Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

3 Respondent shall file with the answer and serve on petitioner a copy of all portions of the

4 underlying state criminal record that have been transcribed previously and that are relevant to a

5 determination of the issues presented by the petition. If petitioner wishes to respond to the

6 answer, he shall do so by filing a traverse with the court and serving it on respondent within

7 **thirty days** of the date the answer is filed.

8          4.          Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,

9 as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases

10 within **sixty days** of the date this order is filed. If respondent files such a motion, petitioner shall

11 file with the court and serve on respondent an opposition or statement of non-opposition within

12 **twenty-eight days** of the date the motion is filed, and respondent **shall** file with the court and serve

13 on petitioner a reply within **fourteen days** of the date any opposition is filed.

14          5.          It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all

15 communications with the court must be served on respondent by mailing a true copy of the

16 document to respondent's counsel. Petitioner must keep the court and all parties informed of any

17 change of address by filing a separate paper captioned "Notice of Change of Address." He must

18 comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of

19 this action for failure to prosecute. See Fed. R. Civ. P. 41(b).

20          IT IS SO ORDERED.

21 DATED:    _____

22

_Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge

23

24

25

26

27

28

Order Granting Respondent's Motion to Dismiss in Part; Further Briefing
P:\PRO-SE\RMW\HC.12\Blacher775mtdprodef.wpd

17

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARLON JESSIE BLACHER,

             Plaintiff,

  v.

L. S. MCEWEN et al,

             Defendant.

_____ /

Case Number: CV12-04775 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 1, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marlon Jessie Blacher G-50077
California Men's Colony State Prison
P. O. Box 8101
San Luis Obispo, CA 93409

Dated: October 1, 2014

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk